WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cory Deonn Morris,<br><br>    Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>    Respondents. | No. CV-17-00926-PHX-DGC<br><br>DEATH-PENALTY CASE<br><br>**ORDER** |

Petitioner Cory Deonn Morris has filed a motion for recusal. (Doc. 55) Respondents oppose the motion. (Doc. 57). For the reasons set forth below, the Court will deny the motion.

I.    Background

Petitioner was sentenced to death in Arizona state court and remains in state custody. He filed a petition for habeas corpus on February 20, 2018. (Doc. 21.) Because the statutory standard for disqualification found in 28 U.S.C. § 455 must be self-enforced by judges, *see United States v. Conforte*, 624 F.2d 869, 880 (9th Cir. 1980), the Court provided notice to the parties that Arizona District Court Judge Douglas Rayes, formerly a Maricopa County Superior Court judge, presided over Petitioner's state-court trial and post-conviction proceedings. (Doc. 51.) The Court examined its duty to recuse and found that the circumstances presented no basis for disqualification, but allowed the parties to brief their views on the propriety of recusal. (Doc. 51.)

Petitioner claims in this case that Judge Rayes violated his constitutional rights through various errors in post-conviction proceedings. (Doc. 55.) Petitioner argues that the undersigned judge should recuse from this case because Judge Rayes is now a judicial colleague. He argues that a reasonable person would conclude that the undersigned – and every other judge in this district – will be unable to set aside his relationship with a colleague and will, even if unconsciously, be inclined to believe that Judge Rayes did not err. (*Id.*) After considering the facts and applicable law, the Court does not agree.

II. Applicable Law

Judges are presumed to be honest and to serve with integrity. *See Withrow v. Larkin*, 421 U.S. 35, 47 (1975); *Larson v. Palmateer*, 515 F.3d 1057, 1067 (9th Cir. 2008). In the absence of a reasonable factual basis for recusal, a judge should participate in cases assigned to him. *United States v. Holland*, 519 F.3d 909, 912 (9th Cir. 2008). Federal judges are, however, required by § 455(a) to recuse from any proceeding in which their impartiality might reasonably be questioned, even where no conflict of interest actually exists. *Milgard Tempering, Inc. v. Selas Corp. of Am.*, 902 F.2d 703, 714 (9th Cir. 1990).

The standard is objective: "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Nelson*, 718 F.2d 315, 321 (9th Cir. 1983). Stated differently, the question is whether a reasonable person would perceive a significant risk that the judge will resolve the case on a basis other than the merits. *In re Mason*, 916 F.2d 384, 385 (7th Cir. 1990). The reasonable person in this context means a well-informed, thoughtful observer, not a "'hypersensitive or unduly suspicious person.'" *Clemens v. U.S. Dist. Court for Cent. Dist. of California*, 428 F.3d 1175, 1178 (9th Cir. 2005) (quoting *Mason*, 916 F.2d at 386). And because there is always "*some* risk" of partiality, the risk must be "substantially out of the ordinary." *Mason*, 916 F.2d at 386 (emphasis in original). Only "highly exceptional circumstances" mandate disqualification of an entire district, which Petitioner's motion would require in this case. *See Clemens*, 428 F.3d at 1180.

Analysis of a recusal motion is "necessarily fact-driven" and "must be guided . . . by an independent examination of the unique facts and circumstances of the particular claim at issue." *Holland*, 519 F.3d at 913. Recusal under § 455(a) should not be based on "'[r]umor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters.'" *Clemens*, 428 F.3d at 1178 (quoting *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995)).

A judge is duty-bound to hear an assigned case when there is no legitimate reason to recuse. *Holland*, 519 F.3d at 912; *Clemens*, 428 F.3d at 1179. Indeed, "a judge has 'as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require.'" *Clemens*, 428 F.3d at 1179 (quoting *Nichol*s, 71 F.3d at 351). "[S]ection 455(a) must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." *Holland*, 519 F.3d at 913.

III. Analysis

The Court begins with the "critically important" identification of the specific factual circumstances that might "cause an objective observer to question [the Court's] impartiality." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 865 (1988). Here, there is only one: the undersigned's judicial colleague on the United States District Court, when serving as a state court judge, presided over Petitioner's trial and post-conviction proceedings. No other fact is presented, and the Court concludes that this fact alone does not warrant disqualification. For reasons discussed below, a reasonable observer with knowledge of all the facts would not, without more, question the impartiality of the Court in presiding over this federal habeas case.

Petitioner cites several cases in support of his motion. In *United States v. Singer (Singer II)*, 575 F. Supp. 63, 68 (D. Minn. 1983), the judge at issue was the Chief Judge of the District of Minnesota, whose extensive comments and judicial coaching of the prosecutor in front of the jury resulted in reversal of the conviction on appeal and remand for a new trial. *See United States v. Singer (Singer I)*, 710 F.2d 431, 436 (8th Cir. 1983).

On remand, the Chief Judge recused himself and a district court judge from the same bench was assigned to the case. *Singer II*, 575 F. Supp. at 68. The newly assigned judge recused herself because the Chief Judge was the subject of pending motions and might be called as a witness. The court determined that a reasonable person could question whether judges in the district "might be affected in ruling, either consciously or subconsciously, by friendship or a spirit of collegiality or because of the relationship between judges on the same bench." *Id.* Similarly, the entire Arizona District Court bench recused itself in a capital habeas case when an evidentiary hearing was set at which a magistrate judge, formerly petitioner's defense counsel, was the subject of an ineffective assistance of counsel claim and was listed as a witness in an evidentiary hearing. (Doc. 55, Ex's. D–E) (*see also Jones v. Stewart*, No. CV-01-00592-TUC-FRZ (D. Ariz. Nov. 7, 2016) (Reporter's Transcript ("RT") 10/30 17 at 44.)

In both of these cases, the recused judges were presiding over a case in which a current judicial colleague might be a witness. In this case, Judge Rayes is not a potential witness and the Court will not be called on to judge his credibility or the propriety of public comments he made outside the course of his regular judicial duties. True, the Court will be required to rule on claims that Judge Rayes committed constitutional error in the state court proceedings, but it is not uncommon for district judges to pass on the correctness of a colleague's judicial actions. Parties often cite decisions by a district judge's colleagues as authority on a case or legal issue, requiring the district judge to state publicly whether he or she agrees with the colleagues' decisions. District judges routinely review decisions by magistrate judges who are colleagues housed in the same courthouse and working on the same cases. And it is common for district judges to rule on alleged errors by state court judges who may well be colleagues in various bench and bar activities. Given these regular occurrences, review of Judge Rayes's state court decisions in this case will not be "substantially out of the ordinary." *See Mason*, 916 F.2d at 386.

The facts of *Elston v. Roberts*, 232 Fed. App. 824, 825 n.2 (10th Cir. 2007), are also dissimilar. The entire district court bench in *Elston* recused because the defendant in a

criminal trial had married a court employee. *Elston v. Roberts*, No. 06-3093-JTM, 2006 WL 3337504, *1 (D. Kan. Nov. 16, 2006). The outcome of the criminal proceeding, of course, would likely have a direct impact on the court employee. No similar impact is possible for Judge Rayes in this case.

The other cases cited by Petitioner are distinguishable. In *United States v. Brandau*, 578 F.3d 1064, 1070 (9th Cir. 2009), the Court of Appeals assigned a case that challenged the constitutionality of a rule promulgated by the judges of the Eastern District of California, as well as their authority to promulgate the rule, to an out-of-district judge. There was little discussion about the nature of the conflict, but it is not surprising that a judge's impartiality would be called into question when the judge is asked to rule on the propriety of his or her own actions, taken with the entire court. The appellate court in *Brandau* even granted the recused judges the right to retain counsel and intervene in the rule challenge, demonstrating their personal interest in the proceeding. *Id.* Judge Rayes has no similar continuing personal interest in the outcome of this case. Similarly, *Russell v. Lane*, 890 F.2d 947, 948 (7th Cir. 1989), found recusal required because it was improper for a judge to sit on the appeal of his own case.

In *60 Key Ctr. Inc. v. Adm'r of Gen. Servs. Admin. (GSA)*, 47 F.3d 55, 56 n.1 (2d Cir. 1995), the district judges in the Western District of New York recused themselves because the case "impacted upon" the United States Courthouse for that district. This case will not impact the workspace or personal interests of Judge Rayes as a United States District Court Judge. His previous work as a state court judge will be reviewed in this habeas proceeding, just as it has been reviewed many times and in many settings. As one court has explained, "the more common a potentially biasing circumstance and the less easily avoidable it seems, the less that circumstance will appear to a knowledgeable observer as a sign of partiality." *In re Allied–Signal Inc.*, 891 F.2d 967, 971 (1st Cir. 1989).

The most relevant decision, in the Court's view, is the Ninth Circuit's opinion in *Clemens*. The Ninth Circuit addressed a criminal defendant's assertion that personal relationships among judges in the Central District of California mandated recusal where

the defendant was charged with making threats against three of them. 428 F.3d at 1176. Despite the bench's collegial relationship with the threatened judges, the Ninth Circuit declined to disqualify all judges in the Central District of California. *Id.* The trial judge was a colleague of the judges threatened by the defendant, but the Ninth Circuit explained that § 455(a) does not require recusal on the basis of speculation. It found that the defendant had merely "speculate[d]—but [did] not tender any evidence—about personal relationships among the judges of the Central District that might give rise for a reasonable observer to question the impartiality of the judges." *Id.* at 1180. The same reasoning applies here. Petitioner's argument is based on nothing more than a presumption that a judge will hold his relationship with a colleague above his duty as a judge. (Doc. 57 at 4.) Such a presumption is contrary to the oath of office taken by federal judges, in which they solemnly swear to administer justice "impartially" and "without respect to persons." 28 U.S.C. § 453. It should not be accepted without specific supporting evidence.

IV. Conclusion

In the absence of a reasonable factual basis for recusal, the Court has a duty to hear all assigned cases, including this one. *Holland*, 519 F.3d at 912. The Court does not find a reasonable factual basis for recusal. Although Petitioner challenges rulings Judge Rayes made as a state court judge several years ago, the task of passing on decisions of other judges is not "substantially out of the ordinary," *Mason*, 916 F.2d at 386, and does not present the "highly exceptional circumstances" needed to disqualify this entire District, *Clemens*, 428 at 1180.

**IT IS ORDERED** that Petitioner's Motion to Recuse (Doc. 55) is **denied**.

Dated this 27th day of February, 2019.

*David G. Campbell*

David G. Campbell
Senior United States District Judge