WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cory Deonn Morris,<br><br>            Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>           Respondents. | No. CV-17-00926-PHX-DGC<br><br>DEATH-PENALTY CASE<br><br>ORDER |

      Pending before the Court is Petitioner Cory Deonn Morris's motion to stay the case and defer a ruling on his pending petition for writ of habeas corpus in light of the United States Supreme Court's grant of a writ of certiorari in *Cruz v. Arizona*, 142 S. Ct. 1412 (2022). (Doc. 73.)

      "A district court has discretionary power to stay proceedings in its own court." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979); *see Lockyer*, 398 F.3d at 1110–11 (explaining that a stay may be appropriate where the resolution of issues in the other proceeding would assist in resolving the proceeding sought to be stayed).

      Morris asserts that the Supreme Court's findings in *Cruz* may impact the procedural and substantive allegations of three claims in his petition involving the

application of *Simmons v. South Carolina*, 512 U.S. 154, 162 (1994), which held that when future dangerousness is an issue in a capital sentencing determination, the defendant has a due process right to require that his jury be informed of his ineligibility for parole. In *State v. Cruz*, 251 Ariz. 203 (2021), the Arizona Supreme Court held that *Lynch v. Arizona*, 578 U.S. 613 (2016) (per curiam), which applied *Simmons* to Arizona capital sentencing, did not represent a significant change in Arizona law under Arizona Rule of Criminal Procedure 32.1(g). The United States Supreme Court granted certiorari to consider whether that holding "is an adequate and independent state-law ground for the judgment." *Cruz*, 142 S. Ct. 1412. Argument in *Cruz* has been scheduled for November 1, 2022.

Morris also asserts that the Supreme Court's decision in *Cruz* could open an avenue for relief in state court for Morris's substantive *Simmons* claim, rendering his *Simmons* claim unexhausted for purposes of federal review and justifying a stay under *Rhines v. Weber*, 544 U.S. 269 (2005) (granting district courts discretion to stay habeas petitions with both exhausted and unexhausted claims for exhaustion of the latter).

Respondents do not object to Morris's request.

Because the decision in *Cruz* may substantively or procedurally impact Morris's claims and his ability to seek a stay and pursue state relief, and may therefore moot the issues before this Court, the Court finds good cause to stay this petition. The Court will order Petitioner to update the Court within 14 days of the Supreme Court's order.

**IT IS HEREBY ORDERED** Morris's Unopposed Motion for Stay Pending *Cruz v. Arizona* (Doc. 73) is **GRANTED**.

**IT IS FURTHER ORDERED** Morris must file a status report in this Court within 14 days of issuance of the Supreme Court's decision in *Cruz*.

Dated this 15th day of September, 2022.

David G. Campbell
Senior United States District Judge